## WILLIAM VOLKER & CO. v. COURTNEY et al.

No. 22091. Opinion Filed Oct. 13, 1931.

Rehearing Denied Nov. 24, 1931.

Tomerlin & Chandler and Troy Shelton, for petitioner.

J. Berry King. Atty. Gen., Robert D. Crowe, Asst. Atty. Gen., and A. G. Morrison & Sons, for respondents.

KORNEGAY, J. This is an original proceeding to review an award of the State Industrial Commission made against William Volker & Company in favor of O. A. Courtney. The award was made pursuant to a motion to reopen the cause by reason of change in physical condition as alleged, which was filed on the 4th of March, 1931. This motion was resisted, and objection was raised to reopening the case and making another award.

Testimony was taken on January 16, 1931, of the claimant, Orville A. Courtney, in support of the motion, and in support of the claim for additional compensation. Also, the testimony of Dr. Moore was taken at said time, beginning on page 15 of the transcript, on behalf of the claimant below. He was examined by the attorneys for the claimant and the respondent and also by the Commission.

On behalf of the respondent Dr. W. K. West testified, beginning on page 28 of the transcript and extending to page 33. Testimony was taken again on the 19th of January, 1931, and the testimony on which the order was made on the 10th of November, 1930, and the order of the 2nd of May, 1930, was introduced. A certified copy of the evidence of Mr. Courtney, the claimant, on former hearings was introduced, and Dr. West was again examined, after having made an examination a second time, of the condition of the claimant. He was cross-examined, and a report of the condition of the claimant by Doctors West and Roundtree was also made pursuant to a recent examination.

The order of January 20, 1931, sought to be reviewed, has been sent up by transcript. That order can be found on page 67 of the transcript, and is as follows:

"Order.

"Now, on this 20th day of January, 1931, the State Industrial Commission being regularly in session, this cause comes on to be considered pursuant to a hearing held at Oklahoma City; Oklahoma, before Chairman Thos. H. Doyle, January 19, 1931, to determine further the disability of claimant herein, at which hearing the claimant appeared in person and by his attorney, W. P. Morrison, the respondent being represented by Tomerlin & Chandler; and the Commission after reviewing the testimony taken at said hearing and all the records on file, and being otherwise well and sufficiently advised in the premises, makes the following findings of fact:

"1. That on the 5th day of July, claimant was in the employment of the respondent, and engaged in a hazardous occupation subject to and covered by the provisions of the Workmen's Compensation Law, and that on said date said claimant sustained an accidental injury, arising out of and in the course of his employment, by sustaining injury to his right knee.

"2. That the average weekly wage of the claimant at the time of the said accidental injury was $17.

"3. That by reason of said accidental injury, the claimant has been temporarily disabled from the 5th day of July, 1929, to April 16, 1930, being 40 weeks beyond the five-day waiting period at the rate of $11.34 a week, which has previously been paid, in the amount of $453.60.

"4. That claimant also has suffered 15 per cent. disability as result of injury to his right leg. being 26½ weeks at the rate of $11.34, amounting to $297.67. which has heretofore been paid.

"5. That pursuant to hearing before the Industrial Commission on January 19, 1931.

testimony was produced showing that the claimant was temporarily totally disabled at this time, said hearing being on motion of claimant to reopen said cause and make further award.

"The Commission is of the opinion: That on consideration of the foregoing facts, the claimant is entitled to temporary total compensation from December 31, 1930, to January 21, 1931, being three weeks, at the rate of $11.34 per week, and to continue said weekly compensation until otherwise ordered by the Commission; which is in addition to all former awards heretofore paid.

"Upon consideration of the foregoing facts: The Commission is of the opinion the claimant is entitled to have said reopened and further compensation awarded, and it is so ordered;

"It is therefore ordered: That within 15 days from this date, the respondent pay to the claimant the sum of $34.02, which is temporary compensation from December 31, 1930, to January 21, 1931, and that the respondent continue paying the claimant compensation at the rate of $11.34 per week, until otherwise ordered by the Commission, and respondent continue such further medical services as may be considered beneficial to the patient;

"It is further ordered: That within 30 days from this date, the respondent or the insurance carrier file with the Commission proper receipt or other report, evidencing compliance with the terms of this order."

An attack has been made upon said order in the brief of the petitioner, and numerous assignments of error have been made, but in the argument in the brief the matter narrows itself down to two propositions: The first is that there is no competent evidence to establish a change in the condition of the claimant, since the making of the award for permanent partial disability, to warrant the reopening of the cause and making further award. We are not able to agree with the petitioner in this respect. Undoubtedly, under this evidence, the original award of November 10th was made under the supposition that there would be no longer be any total disability arising out of this accident. It developed after the order was made that, by reason of a condition brought about undoubtedly by the injury, the claimant was totally disabled from December 31, 1930, to January 21, 1931, a period of three weeks, and the Commission ordered that compensation be paid him for that time, and to continue until otherwise ordered by the Commission.

The provision of law, as enacted by the Legislature, which binds us with reference to this matter, and binds the Commission, and binds the respondent and the petitioner,

can be found in section 8 of chapter 61 of the acts of the 9th Legislature, Session Laws of 1923, page 126, as follows:

"Section 8. Section 7297, C. O. S. 1921, is hereby amended to read as follows:

"'Section 7297. The award or decision of the Commission shall be final and conclusive upon all questions within its jurisdiction, between the parties, unless within 30 days after a copy of such award or decision has been sent by said Commission to the parties affected. an action is commenced in the Supreme Court to review such award or decision. Said Supreme Court shall have original jurisdiction of such action, and is authorized to prescribe rules for the commencement and trial of the same. Such action shall be commenced by filing with the Clerk of the Supreme Court a certified copy of the award or decision of the Commission attached to the petition by the complainant, wherein the complainant or petitioner shall make his assignments or specifications as to wherein said award or decision is erroneous and illegal. Said proceedings shall be heard in a summary manner and have precedence over all other civil cases in such court, except preferred Corporation Commission appeals. The Commission shall be deemed a party to such proceedings and the Attorney General, without extra compensation, shall represent the Commission therein. Such action shall be subject to the law and practice applicable to other civil actions cognizable in said court. Upon the final determination of said action in which the award or decision of the Commission is sought to be reviewed, the Commission shall make an order or decision in accordance with the judgment of said court. In the event that such final determination sustains the award of compensation or other benefits to the injured employee, such order or decision of the Commission shall include, in addition to the compensation provided for in this act, the legal rate of interest computed from the date of the award of the Commission from which an appeal was taken as provided by this section. The Commission shall not be liable for any costs as a party to said proceedings, but otherwise the cost shall be taxed as in other cases.'"

Also, section 13 of said act, page 128, c. 61, S. L. 1923, as follows:

"Section 13. Section 7325, C. O. S. 1921, is hereby amended to read as follows:

"'Section 7325. The power and jurisdiction of the Commission over each case shall be continuing and it may, from time to time, make such modifications or changes with respect to former findings or orders relating thereto if, in its opinion it may be justified, including the right to require physical examinations as provided for in section 7293, and subject to the same penalties for refusal: provided, that upon petition filed by the employer or insurance carrier, and the

injured employee, the Commission shall acquire jurisdiction to consider the proposition of whether or not a final settlement may be had between the parties presenting such petition. The Commission is authorized and empowered to have a full hearing on the petition, and to take testimony of physicians and others relating to the permanency or probable permanency of the injury, and to take such other testimony relevant to the subject-matter of such petition as the Commission may require. The Commission shall have authority to consider such petition and to dismiss the same without a hearing if in its judgment the same should not be set for hearing; the expenses of such hearing or investigation, including necessary medical examinations, shall be paid by the employer or insurance carrier, and such expenses may be included in the final award. If the Commission decides it is for the best interest of both parties to said petition that a final award be made, a decision shall be rendered accordingly and the Commission may make an award that shall be final as to the rights of all parties to said petition, and thereafter the Commission shall not have jurisdiction over any claim for the same injury or any results arising from same. If the Commission shall decide the case should not be finally settled at the time of the hearing, the petition shall be dismissed without prejudice to either party, and the Commission shall have the same jurisdiction over the matter as if said petition had not been filed. The same rights of appeal shall exist from the decision rendered under such petition as is provided for appeals in other cases before the Commission; provided, there shall be no appeal allowed from an order of the Commission dismissing such petition as provided in this section'."

The question as to whether or not the claimant was totally disabled as a result of the accident from and after December 31, 1930, was a question of fact, and the Commission, by the act, was required and empowered to determine such questions. Our power to review its action in the matter is limited both by the positive requirements of the compensation law itself, and by numerous decisions of this court.

All parties seem to concede that, if there was any competent evidence showing a change in condition, the award of the Commission should not be disturbed. In the present case, the application for a review of the award is made at the instance of one of the parties, viz., the insurance carrier. Section 7294, C. O. S. 1921. as amended by the acts of 1923, can be found at page 125, Session Laws of 1923, and is as follows:

"Section 7. Section 7294, C. O. S.. 1921, is hereby amended to read as follows:

" 'Section 7294. Any time after the expiration of the first five days of disability on the part of the injured employee, a claim for compensation may be presented to the Commission. If the employer and the injured employee shall reach an agreement as to the facts with relation to an injury, for which compensation is claimed under this act, a memorandum of such agreement, in form as prescribed by the commission, and signed by both the employer and employee, may be ·immediately filed by the employer with the Commission, and if approved by the Commission, shall, in the absence of fraud, be deemed binding upon the parties thereto, such agreement shall be approved by the Commission only when the terms conform to the provisions of this act. The Commission shall have full power and authority to determine all questions in relation to payment of claims for compensation under the provisions of this act. The Commission shall make, or cause to be made, such investigation as it deems necessary, and upon application of either party shall order a hearing, and as soon as practicable, after a claim for compensation is submitted under this section, or such hearing closed, shall make or deny an award determining such claim for compensation, and file the same in the office of the Commission, together with the statement of its conclusion of fact and rulings of law. The Commission may, before making an award, require the claimant to appear before an arbitration committee appointed by it and consisting of one representative of employees, one representative of employers, and either a member of the Commission or a person, especially deputized by the Commission to act as chairman, before which the evidence in regard to the claim shall be adduced and by which it shall be considered and reported upon. Immediately after such filing, the Commission shall send to the parties a copy of the decision. Upon a hearing pursuant to this section either party may present evidence and be represented by counsel. The decision of the Commission shall be final as to all questions of fact, and except as provided in section 7297 of this article, as to all questions of law'."

We think that these statutes very well answer the question as to what we can do here. If the claimant desires a final settlement so that it cannot be reopened any more, the amended section 7325, set out above, points the way.

When one. examines the act creating the Industrial Commission in its entirety, it will be found that it is expressly provided that the Commission has continuing jurisdiction so that, from time to time, after the consequences develop and grow worse, there can be a change in the award for the benefit of the claimant, and if the claimant gets better, there can be a change in the award for the benefit of the employer and carrier, but the carrier cannot recover any money

previously paid. This principle runs through these laws in their entirety, and the determination is left to the judgment of the Industrial Commission, whose members are supposed to be men of experience and capable of acting in these matters.

The award is therefore affirmed, and the Commission is directed to carry it out.

LESTER, C. J., CLARK, V. C. J., and HEFNER and CULLISON, JJ., concur. SWINDALL, ANDREWS, and McNEILL, JJ., concur in conclusion. RILEY, J., not participating.